1  BENJAMIN DUNKAN
   5800 HAROLD WAY, #402
2  HOLLYWOOD, CA 90028
   323-506-2485
3  No Fax
   No Email
4

5  BENJAMIN DUNKAN, IN PRO PER

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10

11                                    Case No.: CV-18-01121 JAK (Ex)

12   5800 HAROLD, LLC              )  NOTICE OF REMOVAL UNDER 28 U.S.C.
                                   )  1332, 1441 (a) and 1446
13                                 )
         Plaintiff(s),             )  SUPERIOR COURT OF CALIFORNIA
14                                 )  CASE NO. 17STUD05152
             vs.                   )
15                                 )
     HALO MAC ENTERPRISE, LLC; CLINTON )
16   MARBURY, AND DOES 1-10 INCLUSIVE,  )
                                   )
17                                 )
         Defendant(s).             )
18                                 )
                                   )
19                                 )

20  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

21  CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF

22  RECORD:

23       Pursuant to 28 U.S.C. 1332, 1441 (a) and 1446, the Defendant, BENJAMIN DUNKAN, Pro

24  Se, files this Notice of Removal of this case from the Superior Court of California, County of Los

25  Angeles, to the United States District Court for the Central District of California. In support of this

26  Notice of Removal, Defendant states as follows:

27

28

                                    - 1 -
                    COMPLAINT REMOVING TO FEDERAL COURT

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about November 30, 2017, Plaintiff commenced an action in the Superior Court of California, in Los Angeles County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff currently has a pending Complaint filed against the Plaintiff for Various Violations of the California Civil Code, Declaratory Relief, and/or Intentional Misrepresentation and other causes of action against the Plaintiff of this case.

2. Defendant/Counter Plaintiffs presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiff's claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Los Angeles County. See 28 U.S.C. 1441 (a).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

6. Plaintiff does not quantify the amount of damages they seek to recover in this case. See complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs.

7. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the Notice of Removal". See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), cert denied, 516 U.S. 863 (1995).

8. When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of

the Complaint. *Cv. Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000.00. See *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); Accord *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); See also *Gilmer v. The Walt Disney Co., ET all.*, 915 F. Supp. 1001, 1007 (W.D. Ark 1996).

9. Here, the amount in controversy more like than not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

10. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00

11. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. 1332, and this action properly is removable pursuant to 28 U.S.C. 1441.

12. Diversity jurisdiction further exists in this case based on the following:

   A. The Plaintiff, 5800 HAROLD, LLC, and/or its Successors and/or Assignees in Interest, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

   B. Based on its lack of ownership of the subject property, the Plaintiff, 5800 HAROLD, LLC, and/or its Successors and/or Assignees in Interest, has no standing to bring the claims set forth in their Complaint or Motion.

   C. Due to the fact that the Plaintiff, 5800 HAROLD, LLC, and/or its Successors and/or Assignees in Interest, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

13. If the party with no standing is disregarded, this Court has original jurisdiction over the action pursuant to 28 U.S.C. 1332, and this case may be removed to this Court pursuant to U.S.C. 1441 (a).

## OTHER ISSUES

14. This Notice of Removal is timely filed. See 28 U.S.C. 1446(b).

15. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "B") will be filed in the Superior Court of California, County of Los Angeles, as soon as this Notice of Removal has been filed in this Court.

16. A Copy of the complete record maintained by the Clerk of the Superior Court, County of Los Angeles, California is attached to this Notice of Removal as Exhibit "C".

## CONCLUSION

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332. Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Los Angeles, Civil Action No. 17STUD05152, be removed to this Court.

DATED: 02/09/2018

*Benjamin Duncan*

BENJAMIN DUNKAN
In Pro Per

# Exhibit "A"

BENJAMIN DUNKAN
5800 HAROLD WAY, #402
HOLLYWOOD, CA 90028
323-506-2485
No Fax
No Email

BENJAMIN DUNKAN, IN PRO PER

## SUPERIOR COURT, STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 5800 HAROLD, LLC | Case No.: 17STUD05152 |
| Plaintiff(s), | **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| JENNIE PINEDA, AND DOES 1-10 INCLUSIVE | |
| Defendant(s). | |

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD

PLEASE TAKE NOTICE that defendant, BENJAMIN DUNKAN, today filed in the office of clerk of the United States District court for the Central District of California, a Notice and Petition removing the above-captioned pending action to The united states District Court.

FEDERAL C... CV-18-01121  JAK (Ex)

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice **"shall effect the removal and The State Court shall proceed no further unless and until the case is remanded"** by the United States Court for The Central District of California.

Date: 02/09/2018                                BY: Benjamin Duncan

                                                            BENJAMIN DUNKAN, In Pro Per

- 7 -
COMPLAINT REMOVING TO FEDERAL COURT

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 02/09/2018, he served a copy of:

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Hollywood, California.

_Sophia G_
Sophia Goodman

- 8 -
COMPLAINT REMOVING TO FEDERAL COURT

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):   TELEPHONE NO.:

BENJAMIN DUNCAN
5800 Harold Way, #402
Hollywood, CA 90028

ATTORNEY FOR (Name):   IN PRO PER

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

Plaintiff: 5800 HAROLD, LLC

Defendant: HALO MAC ENTERPRISE, LLC; CLINTON MARBURY, DOES 1 TO 10 INCLUSIVE

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

FOR COURT USE ONLY

CASE NUMBER: 17STUD05152

(To be completed by the process server)
DATE OF SERVICE:
(Date that form is served or delivered, posted, and mailed by the officer or process server)

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)
3. You still occupy the subject premises.

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify): BENJAMIN DUNCAN
2. I reside at (street address, unit no., city and ZIP code):

   5800 Harold Way, #402
   Hollywood, CA 90028

3. The address of "the premises" subject to this claim is (address):

   5800 Harold Way, #402 Hollywood, CA 90028

4. On (insert date): 11/30/2017, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is in the accompanying Summons and Complaint.)
5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. (Filing fee) I understand that I must go to the court and pay a filing fee of $225.00 or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [Rev. June 15, 2015]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25



CP10.5

| Plaintiff: 5800 HAROLD, LLC | CASE NUMBER: |
|---|---|
| Defendant: HALO MAC ENTERPRISE, LLC; CLINTON MARBURY, DOES 1 TO 10 INCLUSIVE | 17STUD05152 |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:
    a. ☐ an oral or written rental agreement with the landlord.
    b. ☑ an oral or written rental agreement with a person other than the landlord.
    c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
    d. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date: 12/08/2017

BENJAMIN DUNCAN
(TYPE OR PRINT NAME)

▶ *Benjamin Duncan*
(SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

YOU MUST ACT AT ONCE if all the following are true:

1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

CP10.5 [Rev. June 15, 2015] — PREJUDGMENT CLAIM OF RIGHT TO POSSESSION — Page two

For your protection and privacy, please press the Clear

10

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Halo Mac Enterprise, LLC; Clinton Marbury; DOES 1 TO 10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
5800 Harold, LLC

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   CASE NUMBER: *(Número del caso)* 17SPUD05152

   LOS ANGELES SUPERIOR COURT LOS ANGELES / SOUTH DISTRICT
   275 Magnolia Avenue
   Long Beach, CA 90802

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Chris Evans #202135/Valerie Sparks #313312        Kimball, Tirey & St. John LLP
   555 South Flower Street, Suite 3400               (213) 337-0050
   Los Angeles, CA 90071

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)  [X] did not  [ ] did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

   Date: 11/30/17                   Clerk, by _____, Deputy
   *(Fecha)*                        *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)              [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS-UNLAWFUL DETAINER-EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

323-601-9684

SUM-130

| PLAINTIFF (Name): 5800 Harold, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Halo Mac Enterprise, LLC; Clinton Marbury | |

6. **Unlawful detainer assistant** (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and ZIP:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on (date):

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Chris Evans #202135/Valerie Sparks #313312<br>Kimball, Tirey & St. John LLP<br>555 South Flower Street, Suite 3400<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 337-0050   FAX NO. (Optional): (213) 337-0080<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: LOS ANGELES SUPERIOR COURT LOS ANGELES / SOUTH DISTRICT

PLAINTIFF: 5800 Harold, LLC

DEFENDANT: Halo Mac Enterprise, LLC; Clinton Marbury

[X] DOES 1 TO 10 inclusive

**COMPLAINT - UNLAWFUL DETAINER***
[X] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER:

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded    [X] does not exceed $10,000
                      [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)      [ ] from unlimited to limited

1. PLAINTIFF (name each): 5800 Harold, LLC

   alleges causes of action against DEFENDANT (name each):
   Halo Mac Enterprise, LLC; Clinton Marbury

2. a. Plaintiff is
   (1) [ ] an individual over the age of 18 years.    (4) [ ] a partnership.
   (2) [ ] a public agency.                            (5) [ ] a corporation.
   (3) [X] other (specify): Limited Liability Company

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   5800 Harold Way, #402
   Hollywood, Ca 90028
   County of LOS ANGELES

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 9/15/2017   defendant (name each):
   Halo Mac Enterprise, LLC; Clinton Marbury

   (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy (specify): 1 Year
   (2) agreed to pay rent of $ 3,995.00 payable [X] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [X] first of the month [ ] other day (specify):
   b. This [X] written [ ] oral agreement was made with
   (1) [ ] plaintiff.                       (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent.               (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

CEB® Essential
ceb.com  Forms

13

| PLAINTIFF (Name): 5800 Harold, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Halo Mac Enterprise, LLC; Clinton Marbury | |

6. c. [X] The defendants not named in item 6a are
      (1) ☐ subtenants.
      (2) ☐ assignees.
      (3) [X] other (specify):  unknown as to Does.
   d. ☐ The agreement was later changed as follows (specify):

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. [X] (For residential property) A copy of the written agreement is **not** attached because (specify reason):
      (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) [X] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).
7. [X] a. Defendant (name each): Halo Mac Enterprise, LLC; Clinton Marbury

      was served the following notice on the same date and in the same manner:
      (1) [X] 3-day notice to pay rent or quit        (4) ☐ 3-day notice to perform covenants or quit
      (2) ☐ 30-day notice to quit                     (5) ☐ 3-day notice to quit
      (3) ☐ 60-day notice to quit                     (6) ☐ Other (specify):
   b. (1) On (date): 11/16/2017              the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
      (1) ☐ by personally handing a copy to defendant on (date):
      (2) ☐ by leaving a copy with (name or description):
            a person of suitable age and discretion, on (date):                       at defendant's
            ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on
            (date):                      because defendant cannot be found at defendant's residence or usual place of business.
      (3) [X] by posting a copy on the premises on (date): 11/13/2017       ☐ AND giving a copy to a
            person found residing at the premises AND mailing a copy to defendant at the premises on
            (date): 11/13/2017
            (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
            (b) [X] because no person of suitable age or discretion can be found there.
      (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
      (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
   b. ☐ (Name):
         was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): | 5800 Harold, LLC | CASE NUMBER |
|---|---|---|
| DEFENDANT (Name): | Halo Mac Enterprise, LLC; Clinton Marbury | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 3,995.00

11. ☒ The fair rental value of the premises is $ 133.16 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☒ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):* Rent Stabilization Ordinance of the City of Los Angeles, passed April 21, 1979.

    Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. PLAINTIFF REQUESTS
    a. possession of the premises.
    b. costs incurred in this proceeding.
    c. ☒ past-due rent of $ 3,995.00
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 12/01/2017 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* 2

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 11/30/2017

Rachel Chang
Bar#311449

*(TYPE OR PRINT NAME)* ► *(SIGNATURE OF PLAINTIFF OR ATTORNEY)*

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/30/2017

► See Attachment

*(TYPE OR PRINT NAME)* *(SIGNATURE OF PLAINTIFF)*